IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAUL ARROYO, #1413771 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv447 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed for failure to exhaust state habeas corpus remedies. The Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

The Petitioner stated in his objections that he wants stay and abeyance protection in light of the one year statute of limitations in habeas cases. He asserted that he would have only seven days to file a petition for a writ of habeas corpus in this Court once the Texas Court of Criminal Appeals issues a decision on his state application. A stay should only be granted if: (1) the petitioner had good cause for his failure to exhaust; (2) his claim is not plainly meritless; and (3) he has not engaged in intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The Fifth Circuit has held that a district court did not abuse its discretion in denying a stay after finding that a petitioner had made "none of those showings." *Thompson v. Quarterman*, 292 Fed. Appx. 277, 295 (5th Cir. 2008). In *Rhines v. Weber*, the Supreme Court added that "stay and abeyance should be available only in limited circumstances." 544 U.S. at 277.

1

In the present case, the Petitioner did not address any of the three elements. His request for a stay was based solely on a concern that he would not timely file a petition for a writ of habeas corpus in this Court since he purportedly has only seven days to file a petition after the Texas Court of Criminal Appeals decides his application. His explanation does not satisfy the criteria for obtaining a stay. The Court finds that the Petitioner did not exhaust his state habeas corpus remedies before filing the present petition and he has not shown that the present proceedings should be stayed, thus the petition should be dismissed. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state habeas corpus remedies. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 12th day of November, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**